UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **In Re:** § | | |
| **Offshore Specialty Fabricators, LLC and Official Committee of Unsecured Creditors of Offsh** § | **Case No.: 17–35623** | |
| Debtor. § | **Chapter: 11** | |
| § | | |

ENTERED
10/21/2019

| | | |
|---|---|---|
| **David Weinhoffer** § | | |
|    Plaintiff(s) § | | |
| § | | |
| VS. § | **Adversary No.: 19–03621** | |
| § | | |
| **TimeCyn Consulting LP** § | | |
|    Defendant(s) § | | |

**ORDER SETTING RULE 7016 CONFERENCE, REQUIRING RULE 7026 MEETING, ESTABLISHING PROCEDURES FOR DISCOVERY DISPUTES, AND EMPHASIZING APPLICABILITY OF CERTAIN FEDERAL RULES OF CIVIL PROCEDURE AS MADE APPLICABLE BY THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

*Rule 7016 Conference*

1. On **12/12/19 at 11:00 AM, Courtroom 404, 4th floor, 515 Rusk Avenue, Houston, TX 77002,** the Court will conduct a conference concerning matters governed by Fed. R. Civ. P. Rule 16(a) – (d), as applied by Fed. R. Bankr. P. 7016.

2. Attendance is mandatory by an attorney with Rule 16(c) authority. If the attorney does not have all of the authority required by Rule 16(c), a representative of the client with that authority must be present.

3. At the Rule 16 conference, the parties must be prepared to discuss whether the anticipated discovery is proportionate to the needs of the case. Reference should be made to the standards in Rule 26(b)(1).

4. Telephonic participation is permitted. Counsel appearing by telephone must have access to an internet–connected computer to enable counsel to participate in the Court's drafting of a comprehensive scheduling order.

*Requirements for Answers, Affirmative Defenses, Initial Disclosures and Objections*

5. Answers to complaints (and to other pleadings requiring an answer) must contain admissions or denials as to each matter, as required by Fed. R. Civ. P. 8, as made applicable b Fed. R. Bankr. P. 7008. Admissions and denials are required to all allegations, whether the allegations are of fact or law. By way of examples, it is not an acceptable answer to state that no answer is required because an allegation is a statement of law, that it is about the contents of a document or order, or that a document "speaks for itself".

6. Reasonable inquiry is required as to admissions or denials. A matter may not be denied based on a lack of knowledge or belief unless a reasonable inquiry has been made. An absence of a reasonable inquiry by the client is not a sufficient basis for a denial.

7. Affirmative defenses may not be asserted unless the affirmative defense may be validly asserted after a reasonable inquiry that the affirmative defense meets the requirements of Rule 11 as to supporting facts and law.

8. Disclosures, as required by Rule 26, are mandatory.

*Rule 7026 Meeting*

9. The parties must conduct a meeting under Fed. R. Civ. P. Rule 26(f), as made applicable by Fed. R. Bankr. P. 7026. Although a face to face meeting is preferred, video meetings are acceptable. In rare instances, telephonic meetings may occur. Without advance leave of court, meetings may not be conducted through an exchange of texts, emails or other written communications. <u>A Rule 26(f)(3) report must be filed not later than 7 days before the Rule 16 conference scheduled by paragraph 1 of this Order.</u>

10. If, prior to the Rule 26(f) conference, an answer has been filed that fails to meet the standards set forth in paragraphs 5, 6 or 7, the parties must discuss a reasonable deadline for the filing of an amended answer. The results of the discussion must be in the Rule 26(f) report.

11. Prior to the Rule 26(f) conference, the parties must review Rules 33 and 34. Boilerplate objections to interrogatories or to requests for production are not allowed. All objections must contain the specificity required by those rules. The failure to make specific objections may result in the waiver of the objection. At the Rule 26(f) conference, the parties must discuss how to resolve future discovery disputes. The results of the discussion must be in the Rule 26(f) report.

*Discovery Disputes*

12. Motions to compel or limit discovery may not be filed except:

A. A party may file an emergency motion for a discovery conference, with electronic notice to opposing counsel. The emergency motion may not be longer than two pages. The case manager will set an immediate on–the–record–discovery conference. A response, not exceeding two pages, may be filed. If the matter is not resolved at the conference, a motion to resolve the dispute may then be filed.

B. If a dispute arises during the conduct of an oral deposition, the parties must jointly contact the Court's case manager and request an emergency telephonic hearing.

C. If there are extenuating circumstances that preclude an emergency discovery conference under subparagraph A, a motion may be filed. The initial substantive paragraph of the motion must state why a conference was not requested under subparagraph 12A of this Order. Motions that do not give a valid reason will ordinarily be denied.

D. Motions for entry of discovery orders may be filed if agreed by all parties to the proceeding.

*Service*

13. Plaintiff must serve all defendants (or their counsel) with a copy of this order within 3 days and file an appropriate certificate of service with the Court.

Signed and Entered on Docket: 10/21/19.

_____
MARVIN ISGUR
United States Bankruptcy Judge